Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio
Eastern Division

FILED
NOV 21 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Case No. 1:23 CV 02262
*(to be filled in by the Clerk's Office)*

Wilfred L. Anderson

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Judge Peter J. Corrigan

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

**JUDGE POLSTER**

**MAG JUDGE GRIMES**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

11/21/23 A.P.R. Paid @ 402.00 Receipt # 148759

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 7

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Wilfred L. Anderson, MD |
| Address | 7230 Kinsman Road #213 |
| | Cleveland, OH 44104-4151 |
| County | Cuyahoga |
| Telephone Number | 216-245-8744 |
| E-Mail Address | wilfredanderson@adelphia.net |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Judge Peter J. Corrigan |
| Job or Title (if known) | Judge, Cuyahoga County Court of Common Pleas |
| Address | 1200 Ontario Street |
| | Cleveland, OH 44113 |
| County | Cuyahoga |
| Telephone Number | (216) 443-8725 bailiff |
| E-Mail Address (if known) | |

☐ Individual capacity  ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Address | |
| | |
| County | |
| Telephone Number | |
| E-Mail Address (if known) | |

☒ Individual capacity  ☐ Official capacity

Page 2 of 7

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
- Name
- Job or Title *(if known)*
- Address
  - City | State | Zip Code
- County
- Telephone Number
- E-Mail Address *(if known)*

☐ Individual capacity  ☐ Official capacity

Defendant No. 4
- Name
- Job or Title *(if known)*
- Address
  - City | State | Zip Code
- County
- Telephone Number
- E-Mail Address *(if known)*

☐ Individual capacity  ☒ Official capacity

**II.  Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Cuyahoga County Court of Common Pleas, Cleveland, OH

B. What date and approximate time did the events giving rise to your claim(s) occur?

See attachments.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

> Judgment rendered by Judge Corrigan in the absence of personal jurisdiction of any litigant. Therefore judgment is VOID. See attachments for details

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

> Incarceration and loss of liberty without cause, reason, jurisdiction or due process.
> Jailed for a non-jailable non-offense. Overturned by the appeals court as an "abuse of discretion"
>
> Loss of ability to access the State of Ohio civil courts.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

INJUNCTION -- against Judge Corrigan that orders him to declare VOID the judgment recorded in the trial court JE dated 03/06/2015 in CV-14-820828, that declared Wilfred Anderson as a vexatious litigator, and dismiss the overall case and counterclaim in its entirety.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Novembere 21, 2023

Signature of Plaintiff: /s/ Wilfred L. Anderson, MD
Printed Name of Plaintiff: Wilfred L. Anderson, MD

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:

| | |
|---|---|
| Name of Law Firm | |
| Address | |
| | *City*   *State*   *Zip Code* |
| Telephone Number | |
| E-mail Address | |

# ATTACHMENTS to Pro se Form
## United States District Court
## Northern District of Ohio

Wilfred L. Anderson, Pro Se
7230 Kinsman Road #213
Cleveland, OH 44104-4151

    **Plaintiff**

VS.

Judge Peter Corrigan
Cuyahoga County
Court of Common Pleas
1200 Ontario St
Cleveland, OH 44113

    **Respondent**

Re:

**Attatched pages to Pro Se Complaint**

1. This case is submitted purely as a collateral attack upon the <u>process</u> that produced the state court determination in question. Those claims are presented independently and not as an attempt to directly challenge the state court judgment.

## Collateral Attack

In very specific situations, a federal court may entertain a collateral attack on a state court judgment if there is evidence of a fundamental miscarriage of justice or a violation of federal constitutional rights.

The federal right to due process is protected by the Fifth and Fourteenth Amendments applies to state courts. This principle is often referred to as "incorporation," and it has evolved through a series of Supreme Court decisions.

The Fifth Amendment to the United States Constitution includes a Due Process Clause that applies to the federal government, and the Fourteenth Amendment includes a similar Due Process Clause that applies to the states. Over time, the Supreme Court has ruled that many of the fundamental rights protected by the Bill of Rights, which originally applied only to the federal government, also apply to state governments through the Due Process Clause of the Fourteenth Amendment. This process is known as selective incorporation.

Selective incorporation means that the Supreme Court has held that certain provisions of the Bill of Rights are essential to due process and, therefore, are binding on both federal and state governments. Examples of rights that have been incorporated include freedom of speech, freedom of religion, and protections against self-incrimination.

Due process, as guaranteed by the Fifth and Fourteenth Amendments, requires that individuals be provided with fundamental fairness and protection of their rights when dealing with government actions, whether at the federal or state level. State courts are obligated to uphold these federal due process rights in their proceedings.

**The Rooker-Feldman doctrine**

The Rooker-Feldman doctrine primarily bars federal district courts from serving as appellate courts for state court judgments. It prevents individuals from seeking direct review of state court decisions in federal district court. The doctrine is based on the principle that only the U.S. Supreme Court has the authority to hear appeals from state court decisions.

The Rooker-Feldman doctrine is generally not applicable to claims that challenge state court jurisdiction or allege violations of due process. It is focused on preventing federal district courts from reviewing or overturning state court judgments, not from considering other legal issues related to state court proceedings.

If you believe there are jurisdictional issues or due process violations in a state court case, you may raise those issues in federal court as long as they are not framed as direct challenges to the state court judgment itself. Federal courts can consider claims that are independent of the state court judgment and do not seek to overturn or modify it.

In summary, while the Rooker-Feldman doctrine restricts the federal court's jurisdiction over state court judgments, it does not prevent federal courts from addressing jurisdictional issues or due process violations in state court proceedings, provided those claims are presented independently and not as an attempt to directly challenge the state court judgment.

## Failure of Due Process

The first hearing of the counterclaim was scheduled for 03/06/2015 and notice issued. However, on that day 03/06/2015 a trial was held, without notice, where evidence was presented without cross-examination, where Wilfred Anderson was not allowed to be in attendance by order of Judge Gaul, and that constitutes a violation of due process, and a violation of my civil rights under the Fifth and Fourteenth Amendments to the United States Constitution.

In legal proceedings in the United States, including Ohio, due process is a fundamental constitutional right guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution. Due process ensures that individuals are afforded fair and impartial treatment in legal proceedings.

If a civil court hearing was scheduled, but it turned into a trial in the absence of the defendant, it could raise due process concerns, especially if the defendant was not properly notified or given the opportunity to participate. Due process generally requires the following:

1.  Notice: The defendant must be given proper notice of the legal proceedings, including the date, time, and location of the hearing or trial.

2.  Opportunity to Be Heard: The defendant should have an opportunity to be heard and present their side of the case. This may involve the right to be represented by an attorney and to present evidence and witnesses on their behalf.

3.  Impartial Decision-Maker: The proceedings must be conducted by an impartial decision-maker, such as a judge or jury.

4.  Fair Procedures: The procedures followed in the legal process must be fair and consistent with the law.

If a judge conducted a trial in the absence of the defendant without providing proper notice or an opportunity to be heard, it could be seen as a violation of the defendant's due process rights.

## NOTICE OF HEARING (docket CV-14-820828)

01/30/2015   N/A   JE     CASE CALLED FOR TRIAL ON 1/15/15. THE COURT LEARNS THAT DEFENDANT LUANN MITCHELL HAS FILED FOR BANKRUPTCY, CASE NO. 13-14494. PLAINTIFF'S CASE AGAINST DEFENDANT IS STAYED PURSUANT TO THE BANKRUPTCY FILING. DEFENDANT'S COUNTERCLAIM SEEKING TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR REMAINS PENDING. HEARING SET. HEARING SET FOR 03/06/2015 AT 10:00 AM. NOTICE ISSUED

## RESULT OF TRIAL held <u>WITHOUT NOTICE</u> same day as hearing

03/06/2015   N/A   JE     THE COURT <u>HELD A HEARING</u> ON MARCH 6, 2015 ON DEFENDANT LUANN MITCHELL'S COUNTERCLAIMS TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR, TO AWARD SANCTIONS, AND RETURN PHONE RECORDS SUBPOENAED BY PLAINTIFF. DEFENDANT MITCHELL APPEARED, BUT DEFENDANT FAILED TO APPEAR. COURT REPORTER DIANE CIEPLYWAS PRESENT. DEFENDANT PRESENTED EVIDENCE ON THE RECORD, AND THE COURT FINDS DEFENDANT HAS MET HER BURDEN FOR THIS COURT TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR PURSUANT TO R.C. 2323.52. THE COURT PLACED ITS FINDINGS ON THE RECORD AND INCORPORATES THEM HEREIN. PLAINTIFF WILFRED ANDERSON IS HEREBY PROHIBITED FROM DOING ONE OR MORE OF THE FOLLOWING WITHOUT FIRST OBTAINING LEAVE OF THIS COURT TO PROCEED: (1) INSTITUTING LEGAL PROCEEDINGS IN THE COURT OF CLAIMS OR IN A COURT OF COMMON PLEAS, MUNICIPAL COURT, OR COUNTY COURT; (2) CONTINUING ANY LEGAL PROCEEDINGS THAT THE PLAINTIFF HAS INSTITUTED IN ANY OF THE COURTS LISTED ABOVE PRIOR TO THE ENTRY OF THIS ORDER; AND (3) MAKING ANY APPLICATION, OTHER THAN AN APPLICATION FOR LEAVE TO PROCEED. SEE R.C. 2323.52(D)(1)(A-C). DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. DEFENDANT IS TO SUBMIT AN AFFIDAVIT AS TO DAMAGES WITH RESPECT TO SANCTIONS AND ATTORNEY FEES BY 3/13/15. THE CLERK OF COURTS IS HEREBY ORDERED TO SEND A CERTIFIED COPY OF THIS ORDER TO THE SUPREME COURT FOR PUBLICATION PURSUANT TO R.C. 2323.52(H). **<u>PLAINTIFF IS NOT PRECLUDED FROM FILING APPEALS IN THIS CASE</u>**. COURT COST ASSESSED TO THE PLAINTIFF(S). NOTICE ISSUE

## Appeal Dismissed without consideration.

**Eight District Appeal of this judgment was dismissed sua sponte,** which is a violation of the state constitution, especially when the faulty judgment stated "<u>PLAINTIFF IS NOT PRECLUDED FROM FILING APPEALS IN THIS CASE</u>".

This Eight Appeals action closed the door to any further consideration of this **corrupt, incompetent, and abusive decision** by any state courts, and thus demands correction by the federal court of many constitutional infractions.

In Ohio, a party may appeal as of right a final judgment or order from the Court of Common Pleas, municipal and county courts to the Ohio Court. A party can also appeal to the Supreme Court of Ohio as of right from a Court of Appeals' decision in a case originating in the Court of Appeals that invokes the Supreme Court's jurisdiction.

The courts of appeals are established by Article IV, Section 1 of the Ohio Constitution, and their jurisdiction is outlined in Article IV, Section 3. Their primary function is to hear appeals from the common pleas, municipal, and county courts.

Respectfully submitted,

*[signature]*

Wilfred L. Anderson, MD, Plaintiff, Pro Se
wilfredanderson@adelphia.net
(216)245-8744

# CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, this document, the Pro Se complaint form, other attached pages, and 7 exhibits, were filed.

The foregoing was served on the following via electronic mail to:

Jake A. Elliott (0093521)
jelliott@prosecutor.cuyahogacounty.us
Attorney for Defendant

/s/ Wilfred L. Anderson, MD
wilfredanderson@adelphia.net

## Ohio Civil Court Hearing:

1. Purpose:
- A civil court hearing in Ohio is a legal proceeding that typically focuses on specific issues, motions, or matters within a civil case. It is designed to resolve discrete issues or disputes that arise during the course of litigation.

2. Participants:
- Participants in an Ohio civil court hearing may include the attorneys for both parties, the judge, and any witnesses or experts relevant to the specific issue being addressed. The number of participants is usually limited to those directly related to the issue at hand.

3. Nature of Adjudication:
- The primary purpose of an Ohio civil court hearing is to make rulings or decisions on specific legal or procedural matters. These matters can include motions to dismiss, motions for summary judgment, requests for injunctive relief, or disputes related to discovery.

4. Evidence and Witnesses:
- While evidence and witnesses may be presented during a hearing, the scope is typically limited to the specific issues or motions being addressed. The presentation of evidence is more focused and narrow compared to a full trial.

5. Outcome:
- The outcome of an Ohio civil court hearing is typically a decision or ruling on the specific issue or motion before the court. It does not result in a final judgment on the entire case.

**Ohio Civil Court Trial:**
1. Purpose:
• A civil court trial in Ohio is a formal legal proceeding where the parties present evidence and arguments to resolve the central issues of the case. It aims to determine the ultimate outcome of the case, such as liability, damages, or other remedies.
2. Participants:
• Participants in an Ohio civil court trial include the attorneys for both parties, the judge, potential jurors (in jury trials), the parties involved in the lawsuit, witnesses, and experts. The trial is a comprehensive stage of the case.
3. Nature of Adjudication:
• The primary purpose of an Ohio civil court trial is to reach a final judgment on the entire case. The judge or jury decides central issues, such as whether the defendant is liable and the amount of damages to be awarded.
4. Evidence and Witnesses:
• A civil court trial involves a broad presentation of evidence and witnesses relevant to all aspects of the case. This includes direct and cross-examination of witnesses and the introduction of various forms of evidence.
5. Outcome:
• The outcome of an Ohio civil court trial is a final judgment that resolves all the issues in the case. It includes determining liability, assessing damages, and issuing any necessary orders or remedies.
In summary, while both Ohio civil court hearings and civil court trials are essential components of the legal process, they serve different purposes. Hearings address specific issues or motions within a case, while trials aim to determine the final outcome of the entire case by adjudicating the central disputes and issues between the parties.