UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILFRED L. ANDERSON,** | ) | **CASE NO. 1:23 CV 2262** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JUDGE PETER J. CORRIGAN,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Wilfred L. Anderson filed this action against Cuyahoga County Common Pleas Court Judge Peter J. Corrigan. Plaintiff is challenging a state court judgment issued by Judge Corrigan in 2015 declaring him to be a vexatious litigant. He asks this Court to order Judge Corrigan to declare that judgment to be void, and to issue judgment in his favor.

This case is the latest filing in a long line of state and federal cases Plaintiff filed to challenge that judgment. Plaintiff filed an action against Luann Mitchell and the Cleveland Metropolitan Housing Authority ("CMHA") in January 2014. *See Anderson v. CMHA*, No. CV-14-820828 (Cuyahoga Cty Ct. Comm. Pl. filed Jan. 27, 2014). That case was assigned to Judge Peter Corrigan. Mitchell filed a counterclaim against Plaintiff seeking to have declared as a vexatious litigator. CMHA eventually settled with Plaintiff, leaving Plaintiff's claims against Mitchell, and Mitchell's counterclaim. The case was called for trial on January 15, 2015. At that time Plaintiff informed the Court that Mitchell had filed bankruptcy. The Court determined

Plaintiff's claims against Mitchell were stayed by the bankruptcy filing; however, the Court concluded Mitchell's counterclaim could proceed because it was not seeking monetary relief. The Court rescheduled the trial on the counterclaim for March 6, 2015.

On March 2, 2015, just four days before the trial with Judge Corrigan, Judge Daniel Gaul held a pretrial hearing in another case involving Mitchell and Plaintiff, *Anderson v. Mitchell*, No. CV-14-820186 (Cuyahoga Cty Ct Comm. Pl. filed 2014). Judge Gaul attempted to mediate a peaceful resolution between Plaintiff and Mitchell to settle all pending and future litigation. Eventually, the parties reluctantly agreed to accept the terms set out by Judge Gaul, which included dismissal of all pending actions and claims they had against the each other in state and federal court. Judge Gaul warned the parties that failure to comply with the agreement would result his declaration of that party as a vexatious litigant and jail time for contempt.

Based on his understanding that he and Mitchell were dismissing all pending cases, including Case No. CV-14-820828 assigned to Judge Corrigan, Plaintiff did not appear in court for the March 6, 2015 vexatious litigator hearing. Mitchell, however, did appear in court, and did not dismiss her counterclaim as she agreed before Judge Gaul. Judge Corrigan granted judgment against Plaintiff on the counterclaim declaring him to be a vexatious litigant. Plaintiff attempted to appeal that decision but his appeals were rejected. He filed numerous motions and additional actions and appeals to challenge his vexatious litigator label but he was unsuccessful in obtaining relief. In addition, Plaintiff was charged with criminal contempt for violation of the vexatious litigator order which bars him from filing any document without prior leave of court.

Finding his remedies cut off in state court, Plaintiff began filing lawsuits in federal court.

This is the twelfth case Plaintiff has filed in this federal court against Cuyahoga County Common Pleas Court Judges, the Ohio Eighth District Court of Appeals and Mitchell since 2014 to contest that state court judgment.[1] The first six cases filed in this Court were dismissed under 28 U.S.C. § 1915(e). Specifically, this Court held that it does not have jurisdiction to overturn a state court judgment, and cannot enjoin them from enforcing their judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). This Court cannot rehear matters that were already decided by the state courts as they are barred by *res judicata*. Furthermore the Judges and the Courts are immune from damages. Plaintiff was told that regardless of whether the Judges of this federal court agree or disagree with the findings and judgments of the state courts, they cannot consider the merits of Plaintiff's claims or grant him relief.

Nevertheless, even after repeatedly receiving this information, Plaintiff continued to file cases in this Court against the same Defendants pertaining to the same matters and trying to find a new procedural loophole which will allow this Court to intervene and overturn the state courts'

---

[1] *See Anderson v. Mitchell*, No. 1:14 CV 276 (N.D. Ohio July 29, 2014)(Gaughan, J.); *Anderson v. Eighth App. Dist. Ct. of Appeals of Ohio*, No. 1:15 CV 1457 (N.D. Ohio Aug. 28, 2015)(Gwin, J.);*Anderson v. Corrigan*, No. 1:17 CV 2352 (N.D. Ohio Mar. 12, 2018)(Boyko, J.); *Anderson v. Gaul*, No. 1:17 CV 2451 (N.D. Ohio Mar. 8, 2018)(Boyko, J.); *Anderson v. Mitchell*, 1:19 CV 1011 (N.D. Ohio Jan. 9, 2020)(Adams, J.); *Anderson v. Gaul*, No. 1:19 CV 1012 N.D. Ohio Aug. 8, 2019)(Adams, J.); *Anderson v. Gallagher*, No. 1:19 CV 1072 (N.D. Ohio Aug. 29, 2019)(Oliver, J.); *Anderson v. Celebreeze*, No. 1:19 CV 1079 (N.D. Ohio Jan. 10, 2020)(Boyko, J.); *Anderson v. Mitchell*, No. 1:19 CV 1178 (N.D. Ohio filed Aug. 26, 2019); *Anderson v. Corrigan*, No. 1:19 CV 780 (N.D. Ohio Aug. 5, 2019)(Nugent, J.); *Anderson v. Corrigan*, No. 1:23 CV 1190 (N.D. Ohio Sept. 20, 2023)(Gaughan, J.); *Anderson v. Corrigan*, No. 1:23 CV 2262 (N.D. Ohio filed Nov. 21, 2023)(Polster, J.)

judgments. He has filed civil rights actions seeking damages, and civil rights actions seeking injunctive relief or declaratory relief. He also filed Mandamus actions, Motions for Relief from Judgment under Federal Rule 60(b), and a Notice of Constitutional Challenge. At this point, the Court determined it was necessary to place restrictions on Plaintiff's ability to continue on in this manner. In 2019, Plaintiff was denied *In Forma Pauperis* status and was enjoined from proceeding *In Forma Pauperis* in any future cases. *Anderson v. Gaul*, No. 1:19 CV 1012 N.D. Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gallagher*, No. 1:19 CV 1072 (N.D. Ohio filed May 13, 2019)(Oliver, J.). He is now required pay the full filing fee at the initiation of any case he files in thi federal Court. Both Judge Adams and Judge Oliver cautioned Plaintiff that if he continued to file frivolous cases pertaining to this same state court judgment, the Court may declare him to be a vexatious litigant and enjoin him from filing any new actions without first obtaining leave of Court. *Id.*

Plaintiff did not heed those warnings. He proceeded to file two additional cases, including this case, against Judge Corrigan seeking to have the state court judgment declared void. In this action, he tried a new tactic and claims he is collaterally attacking the judgment based on the process by which it was obtained. He argues that this avoids the bars of Rooker-Feldman and *res judicata*. He asks this Court to Order Judge Corrigan to declare his vexatious litigant judgment to be void, reverse it, and dismiss the counterclaim. For the reasons stated below and in the previous eleven opinions issued by this Court, this action is dismissed.

## II. STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold

Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

### III. ANALYSIS

This case is a perfect example of one that is "frivolous, devoid of merit, [and] no longer open to discussion." *Apple*, 183 F.3d at 479. Asking this Court to order a state court judge to reverse his own judgment is the functional equivalent of asking this Court to reverse the state court judgment directly. Plaintiff has been told multiple times that this Court does not have jurisdiction to overturn a state court judgment, and cannot enjoin a state court from enforcing its judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Moreover, this case is barred by *res judicata*. The term "*res judicata*" literally means "a

matter [already] judged. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* Plaintiff has already litigated this issue in eleven prior cases in this federal Court. A decision on an issue by one federal court bars Plaintiff from filing another case in federal court to relitigate the same issue. In addition, this Court must give full faith and credit to the state court judgment declaring him to be a vexatious litigator. *Res judicata* bars him from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). This matter has been addressed multiple times by state and federal courts. It is no longer open for discussion.

Finally, it is apparent that Plaintiff will continue to litigate this same matter *ad infinitum* unless this Court imposes additional restrictions on Plaintiff's ability to file lawsuits. He was already enjoined from proceeding *In Forma Pauperis* in this Court. *Anderson v. Gaul*, No. 1:19 CV 1012 N.D. Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gallagher*, No. 1:19 CV 1072 (N.D. Ohio filed May 13, 2019)(Oliver, J.). He also was cautioned by two different Judges that if he continued to file frivolous cases pertaining to these same matters, he would be declared a vexatious litigant in this federal Court and enjoined from filing any new actions without first obtaining leave of Court. *Id.* These measures did not deter him from filing two more cases seeking to have his state court judgment declared to be void. This Court has no choice but to impose further restrictions on Plaintiff's ability to file new cases.

Accordingly, this Court finds Wilfred L. Anderson to be a vexatious litigator. He is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).

2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has **never** been previously raised by him in this federal Court or any other state or federal Court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any state or federal Court against each and every Defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for Leave to File if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is ordered as follows:

1. Any document submitted Plaintiff prior to him obtaining Leave to File shall

not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

Moreover, if Plaintiff attempts to circumvent this Order by filing his Complaint in another federal Court or in state court and that action is transferred into this Court, it will be stayed for thirty days. Within that thirty days, Plaintiff must seek Leave to File in accordance with this Order or the case will be dismissed. The Court will accept no other documents for filing within that time period unless Plaintiff fully complies with this Order and this Court grants leave to proceed.

The prior restriction on proceeding *In Forma Pauperis* in any future action remains in effect. If this Court grants Plaintiff leave to file, he must still pay the full filing fee of $ 402.00. If an action is transferred into this Court by another Court that has already granted Plaintiff's Motion to Proceed *In Forma Pauperis*, this Court will vacate that Order and require Plaintiff to pay the full filing fee if he is granted leave to file the action in this Court.

Finally, Plaintiff is restricted from filing additional documents in this case, including post judgment Motions under Federal Civil Procedure Rules 59(e) and 60(b). The Clerk's Office is instructed to return any such Motions to Plaintiff, unfiled.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] Further, Plaintiff is permanently enjoined from filing any new actions in this Court or proceeding with any new actions transferred to this Court, without first seeking and obtaining leave of court as set forth in this Memorandum of Opinion and Order. Plaintiff is also enjoined from filing additional documents and Motions in this case.

**IT IS SO ORDERED**.

11/27/2023
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.